**Opinion issued February 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00062-CR

————————————

**VICTOR EARL KNIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1594356**

## MEMORANDUM OPINION

Appellant, Victor Earl Knight, pleaded guilty to the first-degree felony offense of aggravated robbery—deadly weapon, with an agreed punishment recommendation of eleven years' confinement.[1] In accordance with his plea bargain

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011).

with the State, the trial court found appellant guilty and assessed his punishment at eleven years' confinement on December 19, 2018.[2] The trial court certified that this was a plea-bargained case and that appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a pro se notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1). We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification stated that this was a plea-bargained case and that appellant had no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's record, filed in this Court including the plea waiver, supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having

---

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

2

jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Landau.

Do not publish.  TEX. R. APP. P. 47.2(b).